# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. David Frazier*
Case No. 3:15-cr-00049-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant David Frazier's Motion for Early Termination of Supervised Release (the "Motion").[1] Plaintiff United States of America (the "Government") and United States Probation and Pretrial Services ("USPO") oppose the Motion;[2] this matter is ripe for resolution.

Frazier moves for early termination of his supervised release based on his successful re-entry into his community since being released to home confinement in August 2020 and then to formal supervision in November 2021.[3] Frazier observes that he has had no supervised release violations; has been employed since May 2021 as a welder and, "by all accounts, has been a stellar employee"; has stable housing; and has a "fulfilling relationship with his wife and grandchildren."[4] For these reasons, Frazier argues that early termination is appropriate.[5]

The Government opposes the Motion because Frazier "has failed to show that the relevant sentencing factors, his conduct, and the interests of justice support early termination."[6] In support of its position, the Government notes that Frazier has "two federal drug felonies, . . . three state felony drug convictions, and . . . violat[ions] [of] probation or supervised release after nearly every felony conviction."[7] Based on this history, the Government states that "[o]nly incarceration has interrupted Frazier's otherwise continuous criminal conduct" over the course of multiple decades.[8]

The Government argues that although Frazier's current term of supervised release "appears to have successfully deterred Frazier from resuming drug trafficking" so far, "termination would contravene that important purpose."[9] In addition, the Government contends that continued supervision is necessary to protect the public and to "provid[e] Frazier with both the support and

---

[1] Dkt. 72 (Motion).
[2] *See id.* at 3 (stating that USPO has indicated that it "will not support [Frazier's] early termination"); Dkt. 73 (Opposition).
[3] Dkt. 72 at 1.
[4] *Id.*
[5] *Id.* at 2–3.
[6] *Id.* at 1.
[7] *Id.* at 2.
[8] *Id.* at 3.
[9] *Id.* at 4.

accountability necessary to maintain his progress."[10] USPO similarly opposes the Motion "[b]ecause Frazier was assessed a career offender in his first federal case[.]"[11]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Frazier's supervised release is not warranted at this time. Although the Court commends Frazier's performance on supervision thus far, the Court is wary of granting him early termination with nearly half of his term of supervision remaining. Frazier has a lengthy and consistent history of violating probation and supervised release in previous criminal cases. Indeed, Frazier's conviction in this case stemmed from conduct that occurred while he was under federal supervision for a drug offense.[12] Based on this history, the Court agrees with the Government and USPO that continued supervision is appropriate at this time.

Accordingly, the Court **DENIES** the Motion at Docket 72.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 9, 2023.

---

[10] *Id.* at 4; Dkt. 72 at 3.
[11] Dkt. 73 at 2; *see also United States v. Frazier*, No. 3:00-cr-00046-JKS-1; U.S.S.G. § 4B1.1 (career offender guideline).
[12] *See* Dkt. 73 at 3–4.